### In re Ronald & Juliette BROWN, Debtors.

### Bankruptcy No. 00–50343.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 23, 2000.

---

Geoffrey Peters, Weltman, Weinberg & Reis, Cleveland, OH, for Provident Bank.

## ORDER DENYING "APPLICATION FOR APPROVAL OF REAFFIRMATION AGREEMENT"

MARILYN SHEA–STONUM, Bankruptcy Judge.

On February 14, 2000, debtors filed a voluntary chapter 7 bankruptcy petition. On April 21, 2000, debtors filed an "Application for Approval of Reaffirmation Agreement" (the "Application") regarding a lease agreement with Provident Bank. Because debtors are acting *pro se* in their chapter 7 case, the Court, pursuant to 11 U.S.C. § 524(c), set a hearing on this matter for May 18, 2000. Appearing at the May 18th hearing were debtors, Ronald and Juliette Brown. No one appeared on behalf of Provident Bank.

Attached to the Application was a reaffirmation agreement that was prepared by Provident Bank, that was signed by debtors and counsel for Provident Bank, and that provided at paragraph two that "[t]he parties to this Reaffirmation Agreement are hereby in agreement that each and every term of the attached Lease Agreement is incorporated herein by this reference, and that the Debtors will not deviate

in any respect therefrom." That reaffirmation further provided that "[w]ithout otherwise modifying any of the incorporated terms, or constitute [sic] a new course of dealing or performance, Creditor will permit Debtors to cure the arrearage existing as of March 30, 2000 in the amount of $531.96, as follows: on or before 4/15/00 if not already paid."

Upon review of the file, the Court noted that the referenced lease agreement was not attached to the reaffirmation agreement and debtors did not bring a copy of that document with them to the May 18th hearing. Also upon review of the file, the Court noted that the reaffirmation agreement was not in compliance with procedural Form B240 which was issued by the Administrative Office of the United States Courts in March of 1999 and which includes, *inter alia,* explanatory information regarding the effect of entering into a reaffirmation agreement.[1] The Court then provided debtors with a copy of Form B240 and briefly recessed the hearing on the Application to afford debtors an opportunity to review that document.

Once the matter was recalled, debtors indicated to the Court that when they filed their bankruptcy petition they were, and still are to date, current with all payments due under their lease agreement with Provident Bank. Debtors also indicated to the Court that they did not completely understand the legal ramifications of entering into the proposed reaffirmation agreement. Based upon the discrepancy between debtors' representation and the information in the reaffirmation agreement

---

1. Form B240 was developed by the Advisory Committee on Bankruptcy Rules and incorporates requirements added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 as well as many suggestions made in the final report of the National Bankruptcy Review Commission. Form B240 is not an official bankruptcy form and, thus, its use is not mandatory. However, given the thoroughness with which it covers information necessary for courts to adequately make a determination pursuant to 11 U.S.C. § 523(c)(6)(A), its use is strongly recommended by not only the Administrative Office of the United States Courts but by this Court as well. At a minimum, all information in Form B240 addressing the effect of reaffirmation on debtors' rights and responsibilities should be incorporated into all reaffirmation agreements. Failure to include such information in forms prepared by creditors for execution by *pro se* debtors is likely to result in denial of the debtors' application in this Court.

regarding arrearages and without the benefit of a copy of the parties' lease agreement, the Court did not have sufficient information to question debtors as to whether or not reaffirming the lease agreement would impose an undue hardship on debtors or their dependents and whether such proposed reaffirmation would be in debtors' best interest. *See* 11 U.S.C. § 524(c)(6)(A). Accordingly, the Application is hereby denied.

**IT IS SO ORDERED.**